UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WENDY COCKRUN,

    Plaintiff,

v.                                                      CASE NO: 21-CV
                                                      HONORABLE:

COUNTY OF BERRIEN, CELENA HERBERT, HANNAH NOFS, MIRANDA BAILEY, KEVIN HOLT, ABIGAIL PIFER, SABRINA LARATTA, KRISTINA HENDERSON, BRITTANY ZABEL, ANDREA LENEWAY, KRISTINA BURKS, CAROL VAUGHN  in their individual and official capacities,

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, **WENDY COCKRUN**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Coloma, County of Berrien, State of Michigan.

2. Defendant COUNTY OF BERRIEN is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendant CELENA HERBERT is and/or was a corrections and/or police officer working and/or assigned to the County of Berrien Sheriff's Department and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

4. Defendant HANNAH NOFS is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

5. Defendant MIRANDA BAILEY is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

6. Defendant KEVIN HOLT is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in his individual and official capacities, and within the course and scope of his employment.

7. Defendant ABIGAIL PIFER is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

8. Defendant SABRINA LARATTA is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

9. Defendant KRISTINA HENDERSON is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

10. Defendant BRITTANY ZABEL is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

11. Defendant ANDREA LENEWAY is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

12. Defendant KRISTINA BURKS is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

13. Defendant CAROL VAUGHN is and/or was a corrections officer working at the Berrien County Jail and at all times mentioned herein was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

14. All events giving rise to this lawsuit occurred in the City of St. Joseph, County of Berrien, State of Michigan.

15. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Eighth Amendment, First Amendment, and/or the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

16. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

17. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

18. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. That on March 12, 2019, Plaintiff was booked into Berrien County Jail.

20. That Plaintiff was housed with Inmate Hebony Brooks, who reportedly had a history of sexually assaulting other inmates housed at Berrien County Jail.

21. That on or about April 2019, Plaintiff was assaulted by Inmate Brooks.

22. That Plaintiff subsequently informed Defendants HERBERT, NOFS, BAILEY, HOLT, PIFER, LARATTA, HENDERSON, ZABEL, LENEWAY, BURKS, and VAUGHN of the assault and requested protection from Inmate Brooks.

23. That Plaintiff was assaulted an additional four times during the month of April 2019 in which these instances of assault included, but are not limited to, groping and threatening Plaintiff; forcing Plaintiff onto the toilet and kissing her; trying to take Plaintiff's lithium away from her; and hitting Plaintiff.

24. That Plaintiff continued to report these instances of assault and requested protection from Inmate Brooks as the situation continued to escalate, but Defendants failed to take any action whatsoever and continued to create a situation in which Plaintiff would have contact with Inmate Brooks.

25. That in May 2019, Plaintiff was raped by Inmate Brooks.

26. That Plaintiff reported the rape and again requested protection from Inmate Brooks.

27. That in response to her complaints and her requests for protection, Plaintiff was placed on administrative lockdown twice. Notably, Inmate Brooks was never placed on

administrative lockdown.

28. That on July 6, 2019, Plaintiff wrote to Defendant HERBERT requesting to be taken off of administrative lockdown because Plaintiff did not do anything wrong to merit punishment.

29. That Defendant HERBERT responded that Plaintiff was placed on administrative lockdown because she had said that Defendants were not "doing anything to protect [her] and all [her] complaints so [she] was contacting [her] attorney." Defendant HERBERT further wrote that Plaintiff "basically asked for this."

30. That while Plaintiff was punished and placed on administrative lockdown because of her complaints, Inmate Brooks was ultimately released on parole two weeks early.

31. That as a direct and proximate cause of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages.

## COUNT I
## 42 U.S.C. §1983
## EIGHTH AMENDMENT – CONDITIONS OF CONFINEMENT

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. The Eighth Amendment imposes the following duties on Defendants:

    a. to provide humane conditions of confinement;

    b. to take reasonable measures to guarantee inmates' safety; and

    c. to protect inmates from harm.

34. Defendants HERBERT, NOFS, BAILEY, HOLT, PIFER, LARATTA, HENDERSON, ZABEL, LENEWAY, BURKS, and VAUGHN displayed a conscious disregard of the dangers that were apparent to Plaintiff and displayed a deliberate indifference to Plaintiff's

safety and health when they knowingly and deliberately exposed her to a danger, that being Inmate Brooks.

35. The risk of harm was objectively sufficiently serious as Plaintiff was incarcerated under conditions posing a substantial risk of serious harm.

36. Defendants acted with deliberate indifference and/or recklessly disregarded the risk.

37. That Defendants knew or should have known of the risk of harm to Plaintiff, as it was obvious and Plaintiff repeatedly complained of the danger posed by Inmate Brooks.

38. That because of Defendants' failure to protect Plaintiff from Inmate Brooks, Plaintiff was assaulted five times by Inmate Brooks, and when Defendants still failed to take action, Plaintiff was raped by Inmate Brooks.

39. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

**COUNT II
42 U.S.C. §1983
FIRST AMENDMENT – RETALIATION**

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. Defendants were at all times acting under color of law when they unlawfully retaliated against her in violation of her First Amendment rights.

42. That Plaintiff voiced her complaints as to the threat of sexual assault by Inmate Brooks to Defendants HERBERT, NOFS, BAILEY, HOLT, PIFER, LARATTA, HENDERSON, ZABEL, LENEWAY, BURKS, and VAUGHN, and when Defendants failed to take action, Plaintiff told Defendants that she would contact her attorney based upon Defendants' failure to protect her.

43. That Plaintiff's complaints, speech, and were protected by the First Amendment to the United States Constitution.

44. That Defendants placed Plaintiff in administrative lockdown and advised that they were doing so because Plaintiff said that she was going to talk to her attorney for Defendants' failure to protect her from Inmate Brooks.

45. That Defendants' conduct was designed to silence Plaintiff and prevent her from making complaints or take legal action against them which would likely prevent an ordinary person from continuing to engage in the exercise of speech.

46. As a result of the conduct complained of herein, Plaintiff suffered deprivation of clearly established rights protected and secured by the Eighth, First and Fourteenth Amendments to the United States Constitution and by other laws, including her right to free speech, and her right to be free from retaliation for exercising her right to free speech.

47. That as a direct and proximate cause of Defendants' actions, Plaintiff has suffered and will continue to suffer damages.

48. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages to 42 U.S.C. §1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## 42 U.S.C § 1983
## FOURTEENTH AMENDMENT – STATE CREATION OF DANGER

49. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

50. Plaintiff has a due process interest in personal security and bodily integrity in which she has the right not to be exposed to dangers which infringe upon these interests while in custody, and such right is secured by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

51. Notwithstanding, Defendants HERBERT, NOFS, BAILEY, HOLT, PIFER, LARATTA, HENDERSON, ZABEL, LENEWAY, BURKS, and VAUGHN made a conscious decision to expose Plaintiff to a known and substantial risk of injury, namely, Inmate Brooks.

52. That by virtue of Plaintiff being in custody and/or control of the Defendants, Defendants had a duty to protect Plaintiff from violations of her right to personal security and bodily integrity.

53. That Defendants also caused an increased risk of harm to Plaintiff by intentionally exposing her to Inmate Brooks and there was special danger to the Plaintiff which was created by Defendants.

54. At all pertinent times, the individual Defendants were acting in both their individual and official capacities and under color of law and therefore owed Plaintiff the duty to avoid a

violation of her constitutionally guaranteed civil rights.

55. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff as described above, Plaintiff has suffered injuries and damages.

56. As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT IV
## COUNTY OF BERRIEN CONSTITUTIONAL VIOLATIONS

57. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

58. Defendant COUNTY OF BERRIEN acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

59. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its corrections officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to supervise, review, and/or discipline corrections officers whom Defendant COUNTY OF BERRIEN knew or should have known were violating or were prone

      to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

   c. Failing to adequately train and/or supervise its corrections officers in the proper policies and procedures for responding to inmate complaints of sexual assault.

60. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

61. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

62. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth, First, and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees

    Respectfully Submitted,
    CHRISTOPHER TRAINOR & ASSOCIATES

    **s/ Christopher J. Trainor**
    CHRISTOPHER J. TRAINOR (P42449)
    AMY J. DEROUIN (P70514)
    Attorneys for Plaintiff
    9750 Highland Road
    White Lake, MI  48386
    (248) 886-8650
    shanna.suver@cjtrainor.com

Dated:  January 21, 2021
CJT/llw

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WENDY COCKRUN,

    Plaintiff,

v.                                        CASE NO:
                                          HONORABLE:

COUNTY OF BERRIEN, CELENA HERBERT, HANNAH NOFS, MIRANDA BAILEY, KEVIN HOLT, ABIGAIL PIFER, SABRINA LARATTA, KRISTINA HENDERSON, BRITTANY ZABEL, ANDREA LENEWAY, KRISTINA BURKS, CAROL VAUGHN in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiff, **WENDY COCKRUN**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

<u>s/ Christopher J. Trainor</u>
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shanna.suver@cjtrainor.com

Dated: January 21, 2021
CJT/llw