UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY COCKRUN,

    Plaintiff,

v.

BERRIEN COUNTY, et al.,

    Defendants.

_____/

Case No. 1:21-cv-70

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff Wendy Cockrun against Defendants Berrien County, Sgt. Celina Herbert, Deputy Hannah Nofs, Deputy Miranda Bailey, Sgt. Kevin Holt, Deputy Abigail Pifer, Deputy Sabrina Laratta, Deputy Kristina Henderson, Deputy Brittany Zabel, Deputy Andrea Leneway, Lt. Corey Burks, and Deputy Carol Vaughn.  All individually named Defendants worked in the Berrien County Sheriff's Department or at the Berrien County Jail.  Defendants filed a Motion for Summary Judgment (ECF No. 83).

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 97). The Magistrate Judge recommended the following disposition: (1) as to Plaintiff's Eight Amendment claims (Count I), Defendants' motion should be granted as to Defendants Henderson and Holt and denied as to Defendants Zabel, Burks, Leneway, Nofs, Bailey, Laratta, Vaughn, Pifer, and Herbert;[1] (2) as to Plaintiff's retaliation claim

---

[1] Plaintiff's first objection to the R&R identifies a clerical error where Defendant Herbert was left out of the recommended disposition of Plaintiff's Eighth Amendment claims in the final "Recommendation" section (ECF No. 98 at PageID.1176).  Based on the Magistrate Judge's

(Count II), Defendants' motion should be granted as to Defendants Zabel, Burks, Leneway, Nofs, Bailey, Laratta, Vaughn, Pifer, and Holt and denied as to Defendants Henderson and Herbert; (3) Defendants' motion for summary judgment on Plaintiff's Fourteenth Amendment Substantive Due Process claim (Count III) should be granted; and (4) summary judgment should be granted in favor of Berrien County on Count IV (ECF No. 97 at PageID.1170-1171).

This matter is presently before the Court on Plaintiff's Objections and Defendants' Objections to the R&R (ECF Nos. 98, 99). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court does not feel a hearing or responses to the objections necessary to make its decision. Based on its review, the Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in finding Berrien County is entitled to summary judgment as to Plaintiff's claim under *Monell v. Department of Social* Services, 436 U.S. 658 (1978) (ECF No. 98 at PageID.1177). Plaintiff argues her *Monell* claim against Berrien County sufficiently shows inadequate supervision and training given (1) the lack of performance evaluations and (2) the multiple instances of unconstitutional conduct within Plaintiff's case (*id*.). In sum, Plaintiff contends that the sheer number of complaints of sexual assault, and lack of response to those complaints, is sufficient to show "a gross lack of training and/or supervision" (*id*. at PageID.1179).

---

analysis, omission of Defendant Herbert from the final recommendation was simply a clerical error. The Magistrate Judge clearly intended to deny summary judgment as to Defendant Herbert on Plaintiff's Eighth Amendment claim, and therefore this Court adopts that intention. The R&R is adopted, and Defendant Herbert's motion for summary judgment on Plaintiff's Eighth Amendment claim is denied.

Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Plaintiff claims to have shown that Berrien County "failed to train its employees to handle recurring situations presenting an obvious potential" for constitutional violations. *Jackson v. City of Cleveland*, 925 F.3d 793, 836 (6th Cir. 2019). However, her reliance on the lack of performance evaluations falls short of the "single violation" exception from *Jackson*. Plaintiff failed to identify any prior instances of unconstitutional conduct that show Berrien County had notice of deficient training likely to cause injury. There was no error in the Magistrate Judge's analysis and conclusion that Plaintiff failed to sufficiently establish a *Monell* claim. Accordingly, this objection is denied.

Defendants first object to the Magistrate Judge's conclusion that Defendants waived any qualified immunity defense by not raising it in their brief (ECF No. 99 at PageID.1185). Defendants asserted a qualified immunity defense in their Answer (ECF No. 22 at PageID.86). However, the Magistrate Judge correctly held that Defendants' qualified immunity claims were deemed waived when they raised that issue in only "a perfunctory manner, unaccompanied by some effort at developed argumentation." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Defendants failed to cite the legal standard for qualified immunity and did not address the elements of qualified immunity as they relate to each Defendant's actions. The Court will not "put flesh on [the] bones" of Defendants' merely skeletal assertion of qualified immunity, therefore their objection in this regard is overruled. *Id.* at 996.

Defendants also object to the Magistrate Judge's adoption of Plaintiff's timeline, arguing that the "failure to consider such circumstances and inconsistencies" raised in their version of events "has resulted in . . . erroneous conclusions" (ECF No. 99 at PageID.1187). Defendants have not shown any error in the Magistrate Judges analysis or conclusions. The Court, "in

3

reviewing a summary judgment motion," is "prohibited" from "credibility judgments and weighing of the evidence." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). The Court "must accept . . . as true" evidence put forth by Plaintiff, the non-moving party. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). Therefore, the Magistrate Judge correctly accepted Plaintiff's timeline as true when deciding on Defendants' Motion for Summary Judgment.

Defendants next contend that the Magistrate Judge misapplied *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) when denying summary judgment to nine of the eleven corrections officers. Defendants argue the wrong language in *Anderson* was used, and had the Magistrate Judge used the language highlighted by Defendants, the outcome would have gone in their favor. In sum, Defendants' argument is not that the Magistrate Judge made any factual or legal error, but that he came to the wrong conclusion.

The Magistrate Judge correctly applied *Anderson* and reached the correct conclusion. According to Defendants, the question is "whether reasonable jurors could find by the evidence that Plaintiff is entitled to a verdict" (ECF No. 99 at PageID.1188). Viewing the evidence in the light most favorable to Plaintiff, the Court concludes that reasonable jurors could find that Defendants Zabel, Burks, Leneway, Nofs, Bailey, Herbert, Laratta, Vaughn and Pifer were aware that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Defendants' argument does not undermine the analysis of the Magistrate Judge or the conclusion that Plaintiff has presented sufficient evidence to defeat Defendants' summary judgment motion. This objection is therefore denied.

Defendants' final objection concerns the Magistrate Judge's analysis of Plaintiff's retaliation claim. They contend that Defendants "Henderson and Herbert should not be denied summary dismissal for choosing to act in favor of Plaintiff's safety" by placing her on

administrative lockdown (ECF No. 99 at PageID1193).  Specifically, Defendants argue that because they faced a "Catch 22" in determining how best to protect Plaintiff, they did not have the required culpable state of mind (*id*.).  This misses the thrust of the Magistrate Judge's analysis.  Summary judgment must be denied because genuine issues of material fact exist as to Defendants' reasons for placing Plaintiff in administrative lockdown.  The question is whether Defendants "[chose] to act in favor of Plaintiff's safety," or acted with the necessary "culpable state of mind" to support her retaliation claim (ECF No. 99 at PageID.1194).  Because Plaintiff has submitted evidence that a reasonable jury could find in her favor on the retaliation claim with respect to Defendants Henderson and Herbert, Defendants objections are overruled.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objections (ECF No. 99) and Plaintiff's Objections (ECF No. 98) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 97) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 83) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that (1) the Eighth Amendment claim against Defendants Henderson and Holt, (2) the retaliation claim against Defendants Zabel, Burks, Leneway, Nofs, Bailey, Laratta, Vaughn, Pifer, and Holt; (3) the substantive due process claim; and (4) the *Monell* claim against Berrien County are DISMISSED WITH PREJUDICE.

This case will proceed on (1) the Eighth Amendment claim against Defendants Zabel, Burks, Leneway, Nofs, Bailey, Laratta, Vaughn, Herbert, and Pifer; and (2) the retaliation claim against Defendants Henderson and Herbert.


Dated:  March 8, 2023  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge